930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Wayne McKEEVER, Defendant-Appellant.
 No. 90-7013.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1991.
 
 Before McKAY, SETH and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 On March 8, 1990, Walter Wayne McKeever was convicted of transporting stolen computer equipment in interstate commerce in violation of 18 U.S.C. Sec. 2314 (1988). Mr. McKeever contends that the district court abused its discretion by refusing to grant a mistrial or a continuance after the government failed to disclose evidence prior to trial.
 
 I.
 
 2
 Two IBM computer systems were stolen from the Weyerhauser Corporation plant near Broken Bow, Oklahoma, on November 29, 1988, and December 31, 1988. Mr. McKeever was an employee at Weyerhauser at the time of the thefts. On February 10, 1989, the computer equipment was recovered from an audio-video store in Arkadelphia, Arkansas, managed by Jack Weir.
 
 
 3
 Three government witnesses, Mr. Weir, Alan Dulin, and Robert Williams, testified that in early December 1988 the defendant tried to trade an IBM keyboard and monitor to Mr. Weir for car stereo equipment. Mr. Weir refused to exchange the goods because the keyboard and monitor did not constitute a complete computer system. However, on December 31, 1988, the defendant returned to Mr. Weir's store in Arkadelphia with additional computer items to make two complete systems. The trade was consummated at that time.
 
 
 4
 Mr. Williams testified that he confronted the defendant after learning that the two computers contained Weyerhauser programs. He testified that the defendant admitted stealing the equipment from Weyerhauser.
 
 
 5
 At trial, the defendant denied stealing the computer equipment. He contended that four of the government's witnesses were protecting one another by placing the blame on him. In support of his argument that the witnesses were protecting one another, the defendant presented evidence demonstrating that three of them, Mr. Dulin, Mr. Williams, and John LaRue, were fraternity brothers.
 
 
 6
 The defendant's appeal concerns two incidents at trial dealing with the government's introduction of evidence. Mr. Weir had provided the government with a photocopy of an invoice documenting the trade of the stolen computers. The invoice did not appear to bear the defendant's signature. However, on the night before trial the government received a clearer copy of the invoice bearing the defendant's signature. Defense counsel objected to the introduction of the new invoice into evidence, complaining that the prosecution had assured him that no signature existed and that the defendant was being deprived of the opportunity to have the newer copy examined by a handwriting expert to determine if it was a forgery. The trial court sustained the objection, and the poorer quality photocopy was introduced. Mr. Weir was allowed to testify that the defendant signed the invoice.
 
 
 7
 The second incident to which the defendant assigns error concerns the testimony of Deputy Sheriff Buck Ray. The deputy sheriff was asked if any fingerprints were lifted at the scene of the computer equipment theft. He answered that he did lift some fingerprints. At this point defense counsel moved for a mistrial because the prints were not provided upon discovery. The defendant argued that the fingerprints would be exculpatory if they did not match his prints and that they should have been provided in a timely fashion so he could test them. The motion was denied.
 
 
 8
 The prosecution told the district court that the government had been informed there were no prints. Deputy Sheriff Ray further testified that he had not provided the government with the prints he had lifted. On redirect, the deputy sheriff testified that he had lifted four smudges that were unidentifiable and that there was no reason to have the prints analyzed.
 
 II.
 
 9
 The defendant argues that he was unfairly surprised by the production of the clearer copy of the invoice bearing his signature. He also contends that the government violated the discovery obligations of Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure.
 
 
 10
 Rule 16(a)(1)(C) requires the government, upon the defendant's request, to permit the defendant to inspect documents which are in the custody of the government and which are material to the preparation of a defense or which are intended for use by the government as evidence in chief at trial. Fed.R.Crim.P. 16(a)(1)(C). If a party fails to comply with this rule, the court "may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed.R.Crim.P. 16(d)(2). We will not disturb the district court's discovery rulings absent an abuse of discretion. Shaklee Corp. v. Gunnell, 748 F.2d 548, 550 (10th Cir.1984).
 
 
 11
 Jack Weir did not supply the government with the clearer copy of the invoice bearing the defendant's signature until the night before trial. The government could not have produced the clearer copy when it did not have custody of the document. See United States v. Cannington, 729 F.2d 702, 712 (11th Cir.1984). In addition, the district court sustained the defendant's objection to the introduction of the clearer copy. The poorer copy which had been given to the defendant was introduced. We conclude that the district court did not err in regard to the invoice.
 
 
 12
 The defendant also argues that the trial court abused its discretion when it failed to grant either a mistrial or a continuance upon discovery of the fingerprints to which Deputy Sheriff Ray testified. The existence of the undisclosed evidence was discovered for the first time at trial. The government cannot be faulted for failing to turn over fingerprints which it did not have in its possession. See United States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir.1987). Moreover, the deputy sheriff did not analyze the fingerprints because he determined that they were smudged and unidentifiable. In light of the facts contained in the record, we conclude that the trial court did not abuse its discretion when it refused to grant a mistrial.
 
 
 13
 The trial court's order is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3